UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Louisville Division**

| | |
|---|---|
| Alice Murphy<br>    *Plaintiff*<br><br>v.<br><br>Service Financial Company<br>*Assumed name for*<br>River City Adjustment Bureau, Inc.<br>    *Defendant*<br>Serve:<br>    David R. Deatrick, Jr.<br>    1587 Story Avenue<br>    Louisville, KY 40206<br><br>Deatrick & Spies, P.S.C.<br>    *Defendant*<br>Serve:<br>    L. Tyler Spies<br>    1587 Story Avenue<br>    Louisville, KY 40206 | Case No. 3-16-cv-244-CRS |

**CLASS ACTION COMPLAINT**
**and DEMAND FOR JURY TRIAL**

**INTRODUCTION**

    1.    This is an action by a consumer seeking injunctive relief and damages for herself and on behalf of all similarly-situated Kentucky citizens for Defendants Service Financial Company and Deatrick & Spies, P.S.C.'s joint and several violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.,* which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

    2.    Service Financial Company ("SFC"), by and through the law firm of Deatrick & Spies, P.S.C. ("D&S") filed a lawsuit against Plaintiff Alice Murphy ("Murphy") on August 19,

2015 in the Jefferson Circuit Court of Jefferson County, Kentucky in an attempt to collect a debt.

3. SFC's complaint against Ms. Murphy filed by D&S sought to collect post-judgment interest in excess of the allowable rate under Kentucky law. D&S on behalf of SFC has collected or attempted to collect post-judgment interest in excess of the allowable rate under Kentucky law from Ms. Murphy and numerous other Kentucky consumers in violation of Kentucky law and the FDCPA. Plaintiff Murphy seeks actual damages, maximum statutory damages, injunctive relief, attorney's fees, authorized costs of litigation and court costs.

## JURISDICTION

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2201, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

5. Plaintiff Alice Murphy is a natural person who at all times relevant to this action resided in, and remains in Jefferson County, Ky. Ms. Murphy is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

6. Defendant Service Financial Company ("SFC"), assumed name for River City Adjustment Bureau, Inc., is a Kentucky corporation, which has registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debts from creditors and collecting these debts in this state. SFC's principal place of business is located at 4641 Dixie Highway, Louisville, KY 40216.

7. SFC is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

8. Defendant Deatrick & Spies, P.S.C. ("D&S") is a Kentucky professional services corporation, which has registered with the Kentucky Secretary of State, and is engaged in the

business of collecting debts on behalf of SFC and other creditors in this state. D&S's principal place of business is located at 1587 Story Avenue, Louisville, KY 40206.

9. D&S is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## FACTS

10. On October 2, 2015 SFC by and through attorney L. Tyler Spies of D&S filed a complaint in the Jefferson Circuit Court (the "State Court Suit") against Plaintiff Alice Murphy under case number 15-CI-04233 in an attempt to collect a deficiency balance on an retail installment contract for the purchase of an automobile originally due and owing to Kentuckiana Finance, LLC ("Kentuckiana"). A copy of the original complaint filed in the State Court Suit is attached hereto as Exhibit "A."

11. The debt created by the Kentuckiana contract was used exclusively for personal, family, and household purposes, which makes the alleged Kentuckiana debt a "debt" within the meaning of the FDCPA.

12. According to documents filed by SFC in the State Court Suit, SFC received assignment of the alleged Kentuckiana contract from Kentuckiana on or about January 20, 2015, after Kentuckiana had declared the contract in default and charged off the account to profit and loss.

13. The retail installment contract which created the alleged Kentuckiana account provided for a time price differential or finance charge ("Finance Charge") to be added-on over and above the cash price, instead of a simple rate of interest, making the debt owed by Murphy not subject to the accrual of interest on a written obligation under KRS 360.040.

14. Since the retail installment contract which created the alleged Kentuckiana account provided for a time price differential Finance Charge to be added on over and above the

cash price, the total debt owed by Murphy, or any fraction thereof, including the Finance Charge, is a liquidated debt. A copy of the retail installment contract is attached hereto as Exhibit "B." *See Service Financial v. Ware,* 473 S.W. 3d 98 (Ky. Ct. App. 2015).

15. Paragraph 2 of SFC's complaint in the State Court Suit affirmatively alleges that, "Defendant owes Plaintiff a balance of $5,740.80, with interest thereon at the rate of 28.6932% per annum from May 5, 2014 until paid."

16. The allegation of paragraph 2 of the complaint contemplates charging pre-judgment interest and post-judgment interest at an annual rate of 28.6932%.

17. For liquidated damages a creditor may not charge post-judgment interest at a rate exceeding the statutory rate of 12.00% provided for by KRS 360.040.

18. SFC and D&S knew of the Kentucky Court of Appeals precedent cited *supra*, since SFC was a party to that case and D&S represented SFC in the appeal, and the opinion was rendered on July 24, 2015, one month prior to SFC and D&S's filing of the State Court Suit against Ms. Murphy.

19. SFC and D&S have, within one (1) year of the filing of this Complaint, collected or attempted to collect post-judgment interest from numerous Kentucky consumers for "debts" within the meaning of the FDCPA where (a) the consumers under the applicable retail installment contract they entered into did not agree to the accrual of interest but instead agreed to a finance charge to be added-on to the cash price, (b) was therefore a liquidated debt, and (c) was in excess of the 12% annual post judgment percentage rate allowable under Kentucky Revised Statue 360.040.

## CLASS ALLEGATIONS

20. Plaintiff Alice Murphy brings this action individually and on behalf of a proposed

class pursuant to FRCP 23 on behalf of all persons in the Commonwealth of Kentucky similarly situated.

21. These persons as referenced in comprise the following:

**Class:** All Kentucky consumers against whom Defendant Service Financial Company ("SFC"), assumed name for River City Adjustment Bureau, Inc., or its agents, employees, or representatives, and/or Deatrick & Spies, P.S.C. ("D&S"), or its agents, attorneys, employees, or representatives, within one year of the date of filing this complaint, collected or attempted to collect a "debt" within the meaning of the FDCPA in which

(a) the debt and finance charge under the retail installment contract creating the debt was liquidated thus creating liquidated damages subject to the post-judgment maximum rate of interest permissible under KRS 360.040 of 12.00%; and

(b) SFC and/or D&S collected or attempted to collect post-judgment interest at an annual rate in excess of the maximum permissible post judgment interest rate of 12.00% under Kentucky law.

22. This action seeks the maximum statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2), be awarded to Plaintiff and all members of the class for SFC and D&S's violations of the FDCPA as well as their attorneys' fees, authorized costs of litigation, and court costs.

23. This action also seeks an order from this Court enjoining SFC and D&S from collecting or attempting to collect post-judgment interest from consumers at a rate in excess of 12.00% under retail installment contracts creating liquidated debt and for which any resulting damages are therefore liquidated.

24. The Class as set out *supra* and so represented by Plaintiff Alice Murphy in this action, and of which she herself is a member, consists of those persons defined above and each

Class is so numerous that joinder of individual members is impracticable.

25. Plaintiff's claims are typical of the claims of the Class as set out *supra*.

26. There are common questions of law and fact between members of the proposed Class in this action that relate to and affect the rights of each member of the proposed class, and the relief sought is common to the entire class. In particular, all members of the proposed Class have the same issue of law in common, to wit: whether SFC or D&S collected or attempted to collect post-judgment interest to which it had no legal right at the time such collection attempt was made in violation of KRS 360.040 and the FDCPA.

27. There is no known conflict between Plaintiff and any other members of the proposed Class with respect to this action, or with respect to the claims for relief herein set forth.

28. Plaintiff is the representative party for the proposed Class and is able to, and will, fairly and adequately protect the interest of each of the proposed Class.

29. Plaintiff's attorney is experienced and capable in the field of consumer rights, including FDCPA violations.

30. Plaintiff's attorney has successfully represented other claimants in similar litigation.

31. The action is properly maintained as a class action in that the prosecution of separate actions by individual class members of the proposed Class creates a risk of individual adjudications that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interest.

32. This action is properly maintained as a class action because the prosecution of separate actions by individual members of the proposed Class would create risk of varying

individual adjudications, which would establish incompatible standards of conduct for Defendants.

33. This action is properly maintained as a class action inasmuch as the questions of law and fact common to the proposed Class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the proposed Class will be effective and appropriate for the entire proposed Class; and all members of the proposed Class have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

34. The identity of each individual member of the proposed Class can be ascertained from the books and records maintained by Defendants.

35. Because many of the persons who comprise the proposed Class in this case may not be aware of their rights, or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## CLAIMS FOR RELIEF

### Violations of the Fair Debt Collection Practices Act

36. The above-described actions by Service Financial Company ("SFC"), assumed name for River City Adjustment Bureau, Inc., and Deatrick & Spies, P.S.C. ("D&S") against Plaintiff Murphy and the members of the proposed Class constitute violations of Kentucky law and the Fair Debt Collection Practices Act.

37. Defendants SFC and D&S's violations of the FDCPA include, but are not limited

to, the following:

    A.    Violation of 15 U.S.C. 1692e by using false, deceptive, or misleading representation or means in connection with the collection of any debt;

    B.    Violation of 15 U.S.C. 1692e(2)(A) by the false representation of the character, amount, or legal status of any debt;

    C.    Violation of 15 U.S.C. 1692e(2)(B) by the false representation of compensation which may be lawfully received by any debt collector for the collection of a debt;

    D.    Violation of 15 U.S.C. 1692e(5) by threatening to take an action that cannot legally be taken or that is not intended to be taken;

    E.    Violation of 15 U.S.C. 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt;

    F.    Violation of 15 U.S.C. 1692f by using unfair or unconscionable means to collect or attempt to collect a debt;

    G.    Violation of 15 U.S.C. 1692f(1) by the collection or attempt to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount is not expressly authorized by an agreement creating the debt or permitted by law.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Alice Murphy on her own behalf and on behalf of the members of the proposed Class requests the Court grant relief as follows:

    a.    Award the maximum amount of statutory damages to Plaintiff Murphy and the members of the proposed Class provided under 15 U.S.C. §1692k;

    b.    Enter an order enjoining SFC and D&S from collecting or attempting to collect post-judgment interest from consumers at a rate in excess of 12.00% for damages that are liquidated under the retail installment contract or other written obligation upon which suit is

brought;

    c.    Award Plaintiff and the members of the proposed Class their attorney's fees, authorized litigation expenses and court costs;

    d.    Award Plaintiff and members of the proposed Class their actual damages under 15 U.S.C. §1692k equivalent to any interest collected by SFC or D&S in excess of the allowable rate under Kentucky law;

    e.    A trial by jury; and

    f.    Such other relief as the court may deem just and proper.

Submitted by:

/s/ James McKenzie
**James McKenzie**
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:    (502) 371-2179
Fax:    (502) 257-7309
jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:    (502) 473-6525
Fax:    (502) 473-6561
james@kyconsumerlaw.com